UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:00CR246(AVC) |
| | : | |
| JOSEPH GUY | : | March 11, 2008 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On September 24, 2002, the defendant, Joseph Guy was sentenced to 120 months of incarceration. The defendant is due to be released from incarceration June 18, 2011. The defendant has filed a motion seeking relief based upon the changes to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007. However, because the sentence imposed by the Court was a mandatory minimum term of incarceration, application of the amendment would not affect the defendant's sentence. Accordingly, the Government respectfully submits that the Court should leave the defendant's original sentence undisturbed.

**I.    BACKGROUND**

While under surveillance by the Hartford Drug Task Force, defendant Guy, together with co-defendant Anthony Chavis, transacted three separate narcotic deals involving large quantities of cocaine base with two undercover police officers in Hartford on September 25, 2000, October 16, 2000 and November 1, 2000. In all three transactions, Chavis made the arrangements to sell crack cocaine to the undercover officer and defendant Guy physically provided the crack cocaine to the officer in return for a total of $12,000. The total net weight of the cocaine base that defendant Guy and Anthony Chavis sold to the undercover officer was 425.9 grams.

On November 8, 2000, a federal grand jury sitting in Hartford returned a four-count indictment charging the defendant and Anthony Chavis with conspiring to distribute crack cocaine and related offenses.

On June 21, 2001, the defendant entered a plea of guilty to Count One of the Indictment charging him with conspiracy to distribute 50 grams or more of cocaine base.

At the time of the plea proceeding, the parties entered into a written plea agreement. In the plea agreement, the parties stipulated that the base offense level was 36, and that three levels should be subtracted for acceptance of responsibility. Based on a total offense level of 33, and a Criminal History Category III, the parties calculated the defendant's applicable range as 168-210 months, subject to a 120 month mandatory minimum term of imprisonment. The Pre-Sentence Report ("PSR") adopted the stipulated calculations of the parties.

On September 24, 2002, this Court imposed a term of incarceration of 120 months. In doing so, the Court found that the applicable sentencing guideline range was 168-210 months of incarceration, subject to a mandatory minimum term of 120 months of imprisonment, based on an adjusted offense level of 33 and a Criminal History Category of III. The Court then departed downward and imposed the mandatory minimum sentence of 120 months.

**II.    DISCUSSION**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[1] In

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

      The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, the two-level reduction does not affect the Guideline calculation, as the Court imposed a 120-month sentence which was the minimum permitted by statute. Accordingly, the amendment cannot be a basis for a sentence reduction.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2]  On December 11, 2007, the

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir.

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection © below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

---

1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

>   (3)   <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The defendant's motion should be denied because, as stated earlier, he was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. <u>See also</u> § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. <u>See, e.g.</u>, <u>United States v. Dimeo</u>, 28 F.3d 240, 241 (1st Cir. 1994); <u>United States v. Hanlin</u>, 48 F.3d 121, 124-25 (3d Cir. 1995); <u>United States v. Pardue</u>, 36 F.3d 429 (5th Cir. 1994); <u>United States v. Marshall</u>, 95 F.3d 700, 701 (8th Cir. 1996); <u>United States v. Mullanix</u>, 99 F.3d 323, 324 (9th Cir. 1996); <u>United States v. Smartt</u>, 129 F.3d 539, 542 (10th Cir. 1997); <u>United States v. Eggersdorf</u>, 126 F.3d 1318, 1320 (11th Cir. 1997). Therefore, the defendant's motion should be summarily denied.

### III. <u>CONCLUSION</u>

Because the Court imposed the lowest penalty authorized by statute, the Government respectfully suggests that the defendant's original sentence should remain undisturbed.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct05098
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700
Peter.markle@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of March, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

Joseph Guy
Reg. No. 14012-014
F.P.C. Mckean Unit E
P.O. Box 8000
Branford, P.A. 16701

                                       PETER D. MARKLE
                                       ASSISTANT UNITED STATES ATTORNEY