UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
UNITED STATES OF AMERICA       :
                               :
v.                             :   Criminal No.
                               :   3:00CR00246(AVC)
JOSEPH L. GUY                  :
```

### ORDER ON MOTION TO REDUCING TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)

On September 23, 2002, this court sentenced the defendant, Joseph L. Guy, to a term of imprisonment of 120 months. On November 19, 2007, the defendant, pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), based upon the retroactive application of the crack cocaine amendment to the Sentencing Guidelines that became effective November 1, 2007. Pursuant to 18 U.S.C. § 3582(c)(2); Amendment 706 in Appendix C to the U.S. Sentencing Guidelines Manual, providing for a lower guidelines sentencing range for certain offenses involving crack cocaine; and the policy statement contained in Guidelines § 1B1.10, the application notes thereto, and all other applicable policy statements issued by the Sentencing Commission; the defendant's motion to reduce his sentence (**document no. 118**) is **DENIED**, for the reasons stated below.

The defendant's previously determined sentencing range, based upon an offense level of 29 and a criminal history category of III, was 108 to 135 months. The court sentenced the defendant to the statutory mandatory minimum term of 120 months (ten years).

The defendant requests a reduction to offense level 27, with criminal history category III, resulting in a guidelines range of 87 to 108 months. The government opposes the reduction, arguing that "because the sentence imposed by the Court was a mandatory minimum term of incarceration, application of the amendment would not affect the defendant's sentence."

The court agrees with the government's position. A reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is "not authorized . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Guidelines § 1B1.10(a)(2)(B) and Application Note 1(A).

Because the defendant was sentenced to the statutory mandatory minimum term of ten years (120 months), a reduction under Amendment 706 would not have the effect of lowering the defendant's guideline range. Thus, the defendant is not eligible for the requested reduction. The defendant's motion is therefore DENIED.

It is SO ORDERED this 18th day of March, 2008, at Hartford, Connecticut.

/ s /
Alfred V. Covello
United States District Judge